**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**PASCUALITO R. FELLORES,**

    **Plaintiff,**

    v.                                                  **CIVIL ACTION NO. 2:06cv551**

**DONALD C. WINTER,
SECRETARY OF THE DEPARTMENT OF THE NAVY,**

    **Defendant.**

*MEMORANDUM OPINION & ORDER*

This matter is before the Court on Pascualito R. Fellores' ("Plaintiff") motion to transfer venue to the District Court of Guam or, alternatively, back to the Southern District of California. Donald C. Winter, in his official capacity as Secretary of the Navy, ("Defendant") has filed a memorandum in opposition to Plaintiff's motion to transfer. For the reasons stated herein, Plaintiff's motion to transfer venue is **DENIED**.

**I.  FACTUAL AND PROCEDURAL HISTORY**

Plaintiff is a civilian employed with the Department of the Navy Military Sealift Command. Plaintiff was hired effective October 10, 2000, and has sailed on ships in the Pacific Ocean since that time. (Spano Decl. ¶ 3.) During the relevant time period, all employment records relating to civil service mariners such as Plaintiff were maintained in Virginia Beach, Virginia by the Afloat Personnel Management Center ("APMC"). (*Id.*) Plaintiff's duty station is

Virginia Beach, Virginia, and his ship assignments are made from Virginia Beach, Virginia. (*Id.* ¶ 4.)

In May 2002, Plaintiff was assigned to the USNS SAN JOSE. Plaintiff alleges that from approximately December 2003 through March 2004, while serving on the USNS SAN JOSE, Plaintiff was discriminated against in that he was not promoted to Able Seaman ("AB"), he received a negative performance evaluation, he was found unfit for duty, and he was subject to a discriminatory comment. During the relevant time period, the USNS SAN JOSE made stops at Guam, Yokohama, Japan, and Sasebo, Japan. (Brown Decl. ¶ 2.) Plaintiff residence of record is Hagatna, Guam. (Spano Decl. ¶ 4.) Plaintiff's W2 forms show Plaintiff's address as Hagatna, Guam from 2000 to 2002 and Batangas City, Philippines from 2003 to 2005. (*Id.*) All permanent promotions to AB during the relevant time were processed in Virginia Beach, Virginia by the APMC. (*Id.* ¶ 5.)

On January 30, 2006, Plaintiff filed a complaint in the Southern District of California alleging one count of unlawful race/national origin discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq. (2000) ("Title VII"), one count of unlawful age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et. seq. (2000) ("ADEA"), and one count of unlawful retaliation in violation of Title VII and the ADEA. On August 8, 2006, Defendant filed a motion to dismiss for improper venue or, in the alternative, to transfer venue. On August 31, 2006, Plaintiff filed a statement of non-opposition to transfer of venue, wherein Plaintiff stipulated that the case should be transferred to the Eastern District of Virginia. On September 5, 2006, the Honorable Roger T. Benitez ordered this case transferred to the Eastern District of Virginia.

On December 19, 2006, Plaintiff filed the instant motion to transfer venue to the District Court of Guam or, alternatively, back to the Southern District of California. Defendant filed a response in opposition on December 29, 2006. Having considered the parties' briefs, this matter is now ripe for judicial determination.

## II.  LEGAL STANDARD

First, the Court notes that Plaintiff, filing *pro se*, asserts that his motion is pursuant to Cal. Civ. Proc. Code § 397 (West 2004) (stating that a court may order a change in venue, "When the convenience of witnesses and the ends of justice would be promoted by the change."). The Court will liberally construe Plaintiff's *pro se* filing, *see Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006), and address Plaintiff's motion under the applicable venue transfer statute, 28 U.S.C. § 1404(a) (2000).

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Supreme Court has held that district courts considering a motion for transfer under § 1404(a) are to look to forum non conveniens factors, but "grant transfers upon a lesser showing of inconvenience." *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955). The factors a court can consider include: "ease of access to sources of proof; the convenience of the parties and witnesses; the cost of obtaining the attendance of witnesses; the availability of compulsory process; the interest in having local controversies decided at home; in diversity cases, the court's familiarity with the applicable law; and the interest of justice. *Cognitronics Imaging Sys., Inc. v. Recognition Research Inc.*, 83 F. Supp. 2d 689, 696 (E.D. Va. 2000). "The burden to show that a

transfer is proper rests on the movant." *Id.* Congress has committed any decision to transfer to the district court's discretion. *In re Ralston Purina Co.*, 726 F.2d 1002, 1005 (4th Cir. 1984).

### III. ANALYSIS

**A. Judicial Estoppel**

Defendant argues that judicial estoppel should apply given Plaintiff's inconsistent position on venue. Plaintiff initially consented to a transfer of venue to this Court. Plaintiff now states that the appropriate venue is the District Court of Guam or the Southern District of California.

Judicial estoppel "precludes a party from adopting a position that is inconsistent with a stance taken in prior litigation." *John S. Clark Co. v. Faggert & Frieden, P.C.*, 65 F.3d 26, 28 (4th Cir. 1995). Judicial estoppel is meant "to prevent the party from 'playing fast and loose' with the courts, and to protect the essential integrity of the judicial process." *Allen v. Zurich Ins. Co.*, 667 F.2d 1162, 1166 (4th Cir. 1982). Judicial estoppel must be applied with caution. *Id.* at 1167. Judicial estoppel is inappropriate "when a party's prior position was based on inadvertence or mistake." *John S. Clark Co.*, 65 F.3d at 29.

After Defendant filed his original motion to transfer venue in the Southern District of California, Plaintiff filed a Statement of Non-Opposition to Transfer of Venue. Plaintiff's filing stated that, "Plaintiff . . . is willing to stipulate that the case be transferred to the United States District Court for the Eastern District of Virginia." Pl.'s Statement of Non-Opposition to Transfer of Venue at 1. Plaintiff now states that this case should be transferred *back* to the Southern District of California or to the District Court of Guam. This is obviously inconsistent

4

with Plaintiff's earlier stipulation. In another filing in this case, Declaration of Pascualito R. Fellores in Support of Opposition to Defendant's Motion to File a Late Answer to Plaintiff's Complaint or in the Alternative Motion to Strike Defendant's Late Answer to Plaintiff's Complaint, filed on January 10, 2007, Plaintiff states that his former attorney in this case did not inform him that he was going to stipulate to the transfer to this Court, and that he never agreed to a transfer of venue. This argument is unavailing, as Plaintiff is bound by the acts of his former counsel. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 (1962) ("[E]ach party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" (quoting *Smith v. Ayer*, 101 U.S. 320, 326 (1879))); *Gayle v. United Parcel Serv., Inc.*, 401 F.3d 222, 226-27 (4th Cir. 2005) (holding that attorney negligence in failing to press a claim before the relevant time period had expired is attributable to the client such that equitable tolling is not appropriate). Plaintiff is now arguing a position with respect to venue that is clearly inconsistent with a position he earlier stipulated to, and therefore Plaintiff is judicially estopped from arguing that this case should be transferred from this Court.

**B. Transfer of Venue**

Assuming Plaintiff was not subject to judicial estoppel, his motion to transfer would nevertheless be without merit. First, with respect to Plaintiff's Title VII claims, venue would not be appropriate in either the Southern District of California or the District Court of Guam. Title VII includes its own specific venue provisions that trump the general venue provisions of 28 U.S.C. § 1391 (2000). *See Johnson v. Payless Drug Stores Northwest, Inc.*, 950 F.2d 586, 587-88 (9th Cir. 1991) (per curium); *Perkins v. Town of Princeville*, 340 F. Supp. 2d 624, 626 (M.D.N.C. 2004). Under Title VII, venue is appropriate where the unlawful employment

practice is alleged to have been committed, where the relevant employment records are maintained and administered, or where the aggrieved person would have worked but for the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(f)(3). In the instant case, decisions concerning Plaintiff's promotions are processed in Virginia Beach, Virginia. (Spano Decl. ¶ 5.) The relevant employment records are located in Virginia Beach, Virginia. (*Id.* ¶ 3.) Finally, Plaintiff has not indicated where he would have worked but for the alleged unlawful employment practice. However, it is noted that when Plaintiff was promoted to AB in May 2004, his duty station remained in Virginia Beach, Virginia. (*Id.* ¶ 6.) Therefore, Title VII venue is clearly appropriate in the Eastern District of Virginia and not appropriate in either district where Plaintiff asks this Court to transfer the case.

As for Plaintiff's ADEA claims, the general venue provision of 28 U.S.C. § 1391(e) controls. *See Rebar v. Marsh*, 959 F.2d 216, 217-18 (11th Cir. 1992); *Quinn v. Bowmar Publ'g Co.*, 445 F. Supp. 780, 783 (D.C. Md. 1978). Under § 1391(e), venue is appropriate where "(1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e). Defendant in his official capacity "resides" in the District of Columbia. *See Lengacher v. Reno*, 75 F. Supp. 2d 515, 518 (E.D. Va. 1999). Plaintiff alleges that some discriminatory acts occurred on the USNS SAN JOSE, while decisions concerning Plaintiff's employment took place in Virginia Beach, Virginia. (Spano Decl. ¶ 5.) Plaintiff's personnel file lists Guam as his residence while his W-2 forms for the years 2002-2005 list Batangas City, Philippines. (*Id.* ¶ 4.)

"[R]esidence for venue purposes is the place of permanent residence or legal domicile,

not where they may otherwise establish ties or occasionally work or visit." *Koh v. Microtek Int'l., Inc.*, 250 F. Supp. 2d 627, 634 (E.D. Va. 2003). Plaintiff has failed to establish that he resides in Guam or the Southern District of California. Plaintiff has also failed to establish that a substantial part of the events giving rise to his claim occurred in Guam or the Southern District of California. It is Plaintiff's burden to show that a transfer is proper. *Cognitronics Imaging Sys., Inc.*, 83 F. Supp. 2d at 696. In conclusion, venue would not be proper in either transferee district Plaintiff has chosen for his Title VII claims or his ADEA claims.

The Court also notes that transfer would be inappropriate under the § 1404(a) factors listed above. Plaintiff's complaint chiefly concerns discrimination based upon a denial for a promotion. Promotional decisions concerning Plaintiff as well as the relevant personnel files are located in Virginia Beach, Virginia. (Spano Decl. ¶¶ 3, 5.) In addition, most of the relevant witnesses as identified by Plaintiff are on the USNS SAN JOSE, which spends most of its time operating in the Pacific. The USNS SAN JOSE only stops in Guam on occasion, and visits multiple ports in Japan. (Brown Decl. ¶ 2.) Also, Defendant points out that during the administrative investigation of Plaintiff's complaint, six of nine testifying individuals (other than Plaintiff) either worked in Virginia Beach or lived in Virginia. In analyzing "the convenience of the parties and witnesses" and "the interests of justice," the Court finds that it would be inappropriate to transfer venue in this case. 28 U.S.C. § 1404(a).

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion to transfer venue is **DENIED.**

The Court **DIRECTS** the Clerk to send copies of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED**.

                                                _____/s/_____
                                                Raymond A. Jackson
                                                UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
February 7, 2007