**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**PASCUALITO R. FELLORES,**

    **Plaintiff,**

    v.                        **CIVIL ACTION NO.: 2:06cv551**

**DONALD C. WINTER,**
**Secretary of the Department of the Navy,**

    **Defendant.**

*MEMORANDUM OPINION & ORDER*

This matter comes before the Court on Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment on Plaintiff Pascualito Fellores' Complaint against Defendant Donald C. Winter, Secretary of the United States Navy. For the reasons that follow, the Court **GRANTS** Defendant's Motion to Dismiss.

**I. FACTUAL AND PROCEDURAL HISTORY**

Pascualito Fellores ("Plaintiff") is a Filipino man serving in the Military Sealift Command, which provides support to the United States Navy. Plaintiff became eligible for a promotion from Ordinary Seaman to Able Seaman on December 18, 2003. Nonetheless, he was not promoted until May 30, 2004. Plaintiff alleges that the delay in promotion was based on race, nationality, and age discrimination. He further claims that the position he sought was initially given to Ordinary Seaman Avery Ramos, a younger, less qualified, Ordinary Seaman who is not Filipino. Defendant claims that the promotion was only temporarily given to Ramos and that upon realization that Plaintiff was closer to promotion than Ramos their positions were promptly switched. Thus,

despite Defendant's claim that Plaintiff's work was less than satisfactory, Plaintiff was ultimately promoted.

Plaintiff filed the instant complaint on October 2, 2006, alleging race, nationality, and age discrimination. On July 12, 2007, Defendant filed a motion to dismiss pursuant to Rule 12(b)(6) or in the alternative, a motion for summary judgment pursuant to Rule 56(c). Plaintiff filed a response in opposition on July 27, 2007, and on August 2, 2007, Defendant replied to Plaintiff's opposition. On August 8, 2007, Defendant offered a declaration from Boatswain's Mate Lionel Kimokeo, Plaintiff's supervisor.

## II. LEGAL STANDARD

The Court begins by noting that *pro se* complaints must be liberally construed. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The United States Court of Appeals for the Fourth Circuit has stated that, "the Court in considering the defendants' motion to dismiss will not permit technical pleading requirements to defeat the vindication of any constitutional rights which the plaintiff alleges, however inartfully, to have been infringed." *Gordon*, 574 F.2d at 1151. Nonetheless, *Gordon* "does not require . . . courts to conjure up questions never squarely presented to them." *Beaudett*, 775 F.2d at 1278.

### A.     Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of actions that fail to state a claim upon which relief can be granted. For the purposes of a Rule 12(b)(6) motion, courts may only rely upon the complaint's allegations and those documents attached as exhibits or incorporated by reference, *see Simons v. Montgomery County Police Officers*, 762 F.2d 30, 31 (4th

Cir. 1985), and courts will favorably construe the allegations of the complainant. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), overturned on other grounds. In addition, courts must assume that the facts alleged in the plaintiff's complaint are true. *See McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996). A court will only grant a motion to dismiss if "it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." *Johnson v. Mueller*, 415 F.2d 354, 354 (4th Cir. 1969).

**B.     Summary Judgment**

Rule 56© provides for summary judgment if the Court, viewing the record as a whole, determines "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56©. In deciding a motion for summary judgment, the Court must view the facts and subsequent inferences in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). To defeat summary judgment, the nonmoving party must go beyond the pleadings with affidavits, depositions, interrogatories, or other evidence to show that there is in fact a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The Court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

### III. DISCUSSION

Defendant claims that Plaintiff's action should be dismissed because Plaintiff neither establishes a *prima facie* case for race discrimination under Title VII nor age discrimination under the Age Discrimination in Employment Act ("ADEA"). In order to establish a *prima facie* case

for race discrimination under Title VII a plaintiff must demonstrate that: (1) he is a member of a protected group; (2) he applied for the position in question; (3) he was qualified for the position; and (4) he was rejected from the position in favor of someone not a member of the protected group in a manner that gives rise to inferences of unlawful discrimination. *Lowery v. Circuit City Stores, Inc.,* 158 F.3d 742, 760 (4th Cir. 1998). Under the ADEA, a plaintiff must prove, with reasonable certainty, that but for the plaintiff's age, the adverse employment action would not have occurred. *Lovelace v. Sherwin-Williams Co.*, 681 F.2d 230, 238 (4th Cir. 1982).

Defendant concedes that Plaintiff meets the first two prongs of the aforementioned test for race discrimination under Title VII. Nonetheless, Defendant contends that Plaintiff fails to establish the last two pertinent prongs. Under current law, if a plaintiff puts forth a *prima facie* case then the burden of producing a legitimate non-discriminatory reason for an adverse employment action shifts to the defendant. If the defendant provides an adequate reason for the adverse action then the burden of production shifts back to the plaintiff to show that the defendant's reason was a mere pretext and that the real reason was discrimination. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 254 (1982); *Jamile v. Secretary, Department of Defense*, 910 F.2d 1203, 1206 (4th Cir. 1990).

In this case, Defendant offers Plaintiff's insubordination and poor performance as the non-discriminatory reason for the delay in Plaintiff's promotion (Def.'s Mem. Supp. Mot. Dismiss; Kimokeo Decl.)( where Boatswain's Mate Lionel Kimokeo is quoted as having said that Plaintiff's performance "went downhill"). Nonetheless, Plaintiff denies the reasons offered by Defendant, maintaining that the reason for the delay in promotion is race and age discrimination. In fact, Plaintiff offers an email written by First Officer Robert Kenney on December 22, 2003, which

refers to Plaintiff as an "asset to SJO." (Pl.'s Opp'n Def.'s Mot. Dismiss Ex. 9.) Yet, the Court is not persuaded by the email offered by Plaintiff. The email does not specifically refute Defendant's claims of Plaintiff's unsatisfactory performance; it merely demonstrates that an officer generally referred to *both* Plaintiff and another man as assets to the organization. Further, Defendant claims that the officer who wrote this email was soon replaced by an officer who received negative reports about Plaintiff's performance (Def.'s Mem. Supp. Mot. Dismiss). Plaintiff does not offer enough evidence to disprove, with reasonable certainty, the non-discriminatory explanations offered by Defendant nor has Plaintiff persuaded the Court that Defendant's actions were motivated by discrimination.

The question left for the Court to decide is whether Plaintiff would be entitled to relief if the facts he set forth are assumed to be true. The Court will analyze both the age and race 55discrimination claims together since Plaintiff has offered the same facts and arguments to support each respective claim. The only disputed issues in this case are whether Plaintiff was qualified for a promotion and whether Plaintiff's race and/or age caused a delay in promotion.

Having viewed Plaintiff's claim in a light most favorable to Plaintiff, the Court finds that he fails to state a claim upon which relief can be granted. The requirements of an adverse employment action under Title VII and an ADEA disparate treatment case are the same. The requirement is derived from each respective statute's prohibition of impermissible discrimination against employees. 42 U.S.C. § 2000e-2(a); 29 U.S.C § 623(a); *James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 375 (4th Cir. 2004). Courts have strictly interpreted the language of these statutes holding that a discriminatory act must adversely affect "the terms, conditions, or benefits" of the plaintiff's employment to be actionable under either statute. *Richardson v. Richland County*

*Sch. Dist. No. One*, No. 02-1241, slip op. at 1 (4th Cir. 2002) (applying *McDonnell Douglas v. Green*, 411 U.S. 792, 802 (1973), to both Title VII and ADEA claims); *Von Gunten v. Maryland*, 243 F.3d 858, 865 (4th Cir. 2001). In order to meet this standard a plaintiff need not prove that he was subject to an "ultimate employment decision," such as firing, layoff, or failure to promote. *Von Gunten*, 243 F.3d at 865. Nonetheless, in order to prove an adverse employment action a plaintiff must prove more than a mere inconvenience, annoyance, disappointment, or change. *Id.* at 868. A plaintiff must demonstrate "some significant detrimental effect." *Boonve v. Goldin*, 178 F.3d 253, 256 (4th Cir. 1999). Thus, if a plaintiff cannot demonstrate any *actual* harm suffered and, as in the case at bar, cannot articulate the tangible remedy he seeks, then he cannot prove an adverse employment action occurred. *See id*. at 255-256.

Plaintiff has not demonstrated any *actual* harm under Title VII or ADEA for which a remedy can be granted. Even if the Court assumes that Defendant's reason for temporarily placing OS Avery Ramos in the position Plaintiff sought was discriminatory, the fact remains that Plaintiff ultimately received the position he desired. Although Plaintiff claims he was stressed, inconvenienced, and harassed, absent a showing of a discriminatory result, Plaintiff fails to demonstrate that the delay in his promotion rose to the level of an adverse employment action as required under the law. Indeed, Plaintiff's promotion was delayed for five months. Plaintiff fails to state a claim upon which relief can be granted. The Court need not address Defendant's alternate summary judgment motion.

## IV. CONCLUSION

For the reasons outlined above, the Court **GRANTS** Defendant's Motion to Dismiss. Plaintiff's Complaint is dismissed without prejudice to Plaintiff's right to refile this action in

accordance with the requirements of Title VII, ADEA, and other applicable laws.

Plaintiff may appeal from the Memorandum Opinion and Order by forwarding written notice of appeal to the Clerk of the United States District Court, Walter E. Hoffman United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.  Said written notice must be received by the Clerk within sixty (60) days from the date of this Order.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion to counsel and parties of record.

**IT IS SO ORDERED**.

_____/s/_____
Raymond A. Jackson
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
August 23, 2007